# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBRA GUICE, <br><br> Plaintiff, <br><br> v. <br><br> BETHEL NEW LIFE, <br><br> Defendant. | No. 15 C 9813 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Debra A. Guice is a former employee of Defendant Bethel New Life ("BNL") who alleges that she was discriminated against when her employer terminated her. In the complaint, Guice writes that "an incident took place in which plaintiff spoke out on, 2 weeks later plaintiff reported to work and was fired. No discipline was taken towards plaintiff on or after incident of 8/9/2015. [On] August 5, 2015…plaintiff was given a verbal warning about my tardiness in which I corrected and had not been tardy since given the verbal warning."

The complaint also includes the written notice that Bethel New Life provided Plaintiff when she was terminated. In this written notice, Defendant stated that Plaintiff's job performance had deteriorated, specifically noting that Plaintiff's conduct included (a) excessive tardiness (10 times in the first 60 days); (b) verbal insubordination including repeatedly calling and shouting at both the Nursing Supervisor and Administrator, refusing to work overtime, threatening to give keys to security and leaving residents unattended; (c) confrontational conduct with a co-worker; and (d) complaints of roughness during care and calling the resident "toots." For each incident, the Nursing Supervisor provided verbal documented corrective action counseling.

This written notice also specified that Defendant's Nursing Supervisor and Administrator

1

had reviewed the employee handbook and confirmed that Plaintiff violated BNL policies and procedures. The notice concluded by stating that Plaintiff failed to correct the behavior outlined in her corrective action counseling notices and as a result was "terminated as of today [8/24/15]." The complaint also included an earlier notice that Defendant had given Plaintiff on 8/4/15, which found excessive tardiness and excessive absenteeism.

The EEOC stated that it was unable to conclude that the information obtained establishes violations of the statutes.

I am dismissing the complaint because it fails to allege any employment discrimination that would violate federal law. Federal law does not prohibit an employer from discharging an employee because the employer is simply wrong about tardiness, insubordination, mistreating residents, or rudeness to other employees or residents. Wrongfully firing an employee for mistreating a customer, rudely treating fellow employees, refusing overtime, or not coming to work promptly may, under some circumstances, violate Illinois state law, but it does not violate federal law. If Plaintiff has a complaint under state law, she should file her claim in the Circuit Court of Cook County.

## CONCLUSION

I am granting Plaintiff's motion to file without payment of filing fees. The motion for attorney representation is denied. I am dismissing the complaint for failure to state a claim under federal law.

ENTER:

James B. Zagel
United States District Judge

DATE: November 20 2015